# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

June 16, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: J.T. and J.T.**

**No. 13-1222** (Jackson County 12-JA-52 and 12-JA-53)

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Angela Brunicardi-Doss, from an order entered November 12, 2013, in the Circuit Court of Jackson County, which terminated her parental rights to five-year-old J.T.-1 and four-year-old J.T.-2.[1] The guardian ad litem for the children, Laurence W. Hancock, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, William P. Jones, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred when it denied her motion to extend her improvement period and terminated her parental rights based on findings that she had not completed her improvement period and that she lacked the mental capacity to properly and appropriately care for her children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, a Child Protective Services ("CPS") worker visited the family's home after the DHHR was alerted that J.T.-1, who was four years old at the time, came to school dirty and dressed in filthy clothes, suffered from chronic diaper rashes, and was almost non-verbal. During the CPS worker's visit to the home, she observed unsafe and unsanitary conditions. For instance, she reported that there was a dilapidated porch with trash and metal surrounding it; a living room heated entirely by a wood-burning stove surrounded by clothing, trash, paper, and toys; countless cockroaches crawling on the walls and scattered across the floor; several soiled diapers on the floor where the children walked barefoot; soiled linens on the bed that the entire family shared; dishes overflowing the kitchen sink; a refrigerator with mildew and moldy food; and a non-working bathtub in the filthy bathroom. When the CPS worker informed the children's father that she would need to implement a protection plan, he threatened to kill her. The DHHR filed an abuse and neglect petition against the children's parents shortly thereafter. The petition alleged that, based on the CPS worker's observations and experience at

---

[1] Because the children in this case have the same initials, we have distinguished each of them by using numbers 1 and 2 after their initials in this Memorandum Decision. The circuit court case numbers also serve to distinguish each child.

1

the home, the home was unsafe and unsuitable for the children. Both parents waived their rights to a preliminary hearing.

At the adjudicatory hearing in January of 2013, both parents stipulated to their abuse and neglect of their children by exposing them to deplorable conditions in a home unfit for habitation, that they did not provide the children with appropriate hygiene and grooming, and that they lacked the skills to appropriately parent the children. The father also stipulated that he had significant issues with impulse and anger control and that he lacked the tools and self-awareness necessary to deal with these issues. The circuit court granted both parents a six-month post-adjudicatory improvement period with directions to submit to a psychological evaluation, participate in parenting and adult life skills classes, obtain and maintain appropriate and sanitary housing, participate in couples counseling, attend all visits with the children, and maintain contact with their caseworker.

In September of 2013, petitioner filed a motion to extend her improvement period. In October of 2013, the DHHR filed a motion to terminate petitioner's improvement period and another motion to terminate her parental rights. On October 23, 2013, the circuit court heard testimony and arguments on these motions. Although the parents acquired a mobile home towards the end of their improvement period, it was not habitable. They were not living in it and the father testified that he still needed to repair it, including replacing a whole section of the bathroom floor. Further, during the course of the proceedings, both parents lived in a motel room where visitations with the children sometimes took place. The DHHR's motions to terminate petitioner's improvement period and to terminate her parental rights assert that visitation with the children had to be suspended due to an infestation of bed bugs in the parents' filthy and noxious motel room. The family's caseworkers testified that despite several months of services, petitioner failed to recognize and respond to the needs of their children during visits. For instance, entire visits would pass before petitioner would recognize the need to change a soiled diaper. At that point, petitioner would still need prompting to actually change the diaper. After finding that the abusive and neglectful conditions of the original petition still existed and that neither parent significantly improved, the circuit court denied petitioner's motion to extend her improvement period and terminated both parents' parental rights by order entered on November 12, 2013. Petitioner now brings this appeal.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

2

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises two assignments of error. First, petitioner argues that the circuit court erred in denying her motion for an extension of her improvement period. Petitioner asserts that she successfully completed her improvement period. Second, petitioner argues that the circuit court erred in terminating her parental rights based on finding that she lacked the mental capacity to properly provide and care for her children.

Upon our review of the record, we find no error by the circuit court in its decision to deny petitioner's motion for an extension of her improvement period. West Virginia Code § 49-6-12(g) directs as follows:

A court may extend [an] improvement period . . . for a period not to exceed three months when the court finds that the [subject parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the [DHHR] to permanently place the child; and that such extension is otherwise consistent with the best interest of the child.

At the same time, West Virginia Code § 49-6-12(f) directs:

When any [subject parent] is granted an improvement period pursuant to the provisions of this article, the [DHHR] shall monitor the progress of such person in the improvement period. When the [subject parent] fails to participate in any service mandated by the improvement period, the [DHHR] shall initiate action to inform the court of that failure. When the [DHHR] demonstrates that the [subject parent] has failed to participate in any provision of the improvement period, the court shall forthwith terminate the improvement period.

Our review of the record reveals that petitioner did not complete her improvement period and that an extension is not warranted. The record does not provide evidence that a continuation of petitioner's improvement period would not have impaired the DHHR's ability to permanently place the children or that it would have been in her children's best interests. Aside from failing to obtain suitable housing, the record also reveals that, despite several reminders, petitioner would inappropriately discuss the pending abuse and neglect case with her children; that petitioner blamed the father for the home's filth and CPS involvement; and that, despite this blame she placed on the father, she expressed reluctance to ever leave him.

Petitioner also argues that termination was improper because the circuit court based its termination of her rights on her lack of mental capacity to properly and appropriately care for her children. She argues that the Court has held as follows:

Where allegations of neglect are made against parents based on intellectual incapacity of such parent(s) and their consequent inability to adequately care for their children, termination of rights should occur only after the social services system makes a thorough effort to determine whether the parent(s) can adequately care for the children with intensive long-term assistance. In such case, however, the determination of whether the parents can function with such assistance should be made as soon as possible in order to maximize the child(ren)'s chances for a permanent placement.

Syl. Pt. 4, *Billy Joe M.*, 206 W.Va. 1, 521 S.E.2d 173 (1999).

Upon our review of the record, we decline to find that the DHHR's efforts here do not meet this requirement and we find no error by the circuit court in this regard. The record reveals that the DHHR provided petitioner with diligent, weekly services during her improvement period. As part of these services, the DHHR provided petitioner with an "easy reader" to accommodate her fourth-grade reading level. When petitioner failed to keep a clean and safe living space within her motel room, the DHHR suspended visitation. West Virginia Code § 49-6-5(b) provides a non-exclusive list of circumstances that shall be considered those in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected. Included are circumstances in which the subject parent has not responded to or followed through with a reasonable family case plan, and circumstances in which the subject parent has emotional illness, mental illness, or mental deficiency of such nature as to render the parent incapable of exercising proper parenting skills or to adequately improve these skills. As discussed, a condition of petitioner's improvement period was to obtain suitable housing; however, she failed to do so. As a result, she was unable to comply with visitation with her children. Petitioner was also reluctant to part from the father, whose parental rights were terminated due to his failure to avail himself of DHHR services, failure to accept responsibility for parenting any of the children, and resistance to change his circumstances to provide the children with a safe, nurturing environment. This evidence supports the circuit court's findings and conclusions that there was no reasonable likelihood that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 16, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II